# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT G. SAENZ,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>BRINTON, *et al.*,<br><br>　　　　　Defendants. | Case No.  1:23-cv-01303-BAM (PC)<br><br>ORDER REGARDING PLAINTIFF'S VOLUNTARY DISMISSAL OF DEFENDANT BRINTON<br>(ECF No. 16)<br><br>ORDER DIRECTING PLAINTIFF TO FILE NOTICE OF VOLUNTARY DISMISSAL OR FIRST AMENDED COMPLAINT<br><br>**THIRTY (30) DAY DEADLINE** |

　　　　Plaintiff Robert G. Saenz ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983.

　　　　On November 13, 2023, the Court screened Plaintiff's complaint and granted Plaintiff leave to file a first amended complaint or a notice of voluntary dismissal. (ECF No. 14.)

　　　　Currently before the Court is Plaintiff's notice of voluntary dismissal of G. Brinton as defendant, filed December 14, 2023. (ECF No. 16.) The notice states that Plaintiff requests that the Court dismiss Defendant Gary Brinton from this action. (*Id.*) The notice contains no other information regarding whether Plaintiff intends to file an amended complaint or dismiss the remainder of this action.

　　　　Under Rule 41(a)(1)(A)(i) of the Federal Rules of Civil Procedure, " 'a plaintiff has an absolute right to voluntarily dismiss his action prior to service by the defendant of an answer or a

motion for summary judgment.' " *Commercial Space Mgmt. Co., Inc. v. Boeing Co., Inc.*, 193 F.3d 1074, 1077 (9th Cir. 1999) (quoting *Wilson v. City of San Jose*, 111 F.3d 688, 692 (9th Cir. 1997)). The plaintiff may dismiss some or all of the defendants—or some or all of his claims— through a Rule 41(a)(1) notice. *Pedrina v. Chun*, 987 F.2d 608, 609 (9th Cir. 1993). Here, no defendants have appeared or filed an answer or a motion for summary judgment, so Plaintiff may voluntarily dismiss this action, or some of the defendants, pursuant to Rule 41(a)(1)(A)(i). The filing of a notice of voluntary dismissal automatically terminates the action as to the defendants who are the subjects of the notice, and unless otherwise stated, the dismissal is ordinarily without prejudice. *McKenzie v. Davenport-Harris Funeral Home*, 834 F.2d 930, 934–35 (9th Cir. 1987).

Accordingly, pursuant to Plaintiff's notice, Defendant Brinton is automatically dismissed from this action, without prejudice.

However, while the filing states Plaintiff's intention to dismiss Defendant Brinton from this action, Plaintiff was directed to either file an amended complaint or a notice of voluntary dismissal. The Court clarifies that the option to file a notice of voluntary dismissal was with respect to the entirety of the action, rather than a single defendant.

Based on the foregoing, the Court finds it appropriate to grant Plaintiff an opportunity to file a response to clarify his intent. Plaintiff shall either file a notice of voluntary dismissal of the <u>entire</u> action, or Plaintiff may file a first amended complaint, **not to exceed twenty-five (25) pages**, in compliance with the Court's November 13, 2023 screening order.

Accordingly, IT IS HEREBY ORDERED as follows:

1. Pursuant to Plaintiff's notice of voluntary dismissal, (ECF No. 16), Defendant Brinton is DISMISSED from this action, without prejudice;
2. Within **thirty (30) days** from the date of service of this order, Plaintiff shall file **one** of the following:
    a. A notice of voluntary dismissal of this entire action pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(i); **or**
    b. A first amended complaint, **not to exceed twenty-five (25) pages**, curing the deficiencies identified by the Court's November 13, 2023 screening order, (ECF

2

No. 14);

3. **If Plaintiff fails to file a response in compliance with this order, the Court will recommend dismissal of this action, with prejudice, for failure to comply with a Court order and failure to state a claim.**

IT IS SO ORDERED.

Dated:  **December 15, 2023**          /s/ *Barbara A. McAuliffe*          
                                      UNITED STATES MAGISTRATE JUDGE

3