# UNITED STATES DISTRICT COURT

## FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT G. SAENZ,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>BRINTON, *et al.*,<br><br>　　　　　Defendants. | No.  1:23-cv-01303-KES-BAM (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR A STAY PENDING OUTCOME OF HIS PETITION FOR WRIT OF HABEAS CORPUS<br><br>(ECF No. 27) |

　　　　Plaintiff Robert G. Saenz ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983.

　　　　On February 29, 2024, the undersigned screened the first amended complaint and issued findings and recommendations that this action be dismissed for failure to state a cognizable claim upon which relief may be granted.  (ECF No. 22.)  Following an extension of time, Plaintiff timely filed objections on April 3, 2024.  (ECF No. 26.)  In his objections, Plaintiff concedes that this action is barred by *Heck v. Humphrey*, 512 U.S. 477, 482 (1994), but that he has filed a petition for a writ of habeas corpus together with his objections to the findings and recommendations and is preparing a motion to stay this action.  (*Id.*)  The findings and recommendations and Plaintiff's objections are pending before the assigned District Judge.

　　　　On April 17, 2024, Plaintiff filed a motion to stay this civil rights action, or hold it in abeyance, pending resolution of his petition for a writ of habeas corpus, *Saenz v. Campbell*, Case

1

No. 1:24-cv-09395-SKO.  (ECF No. 27.)  In support of his argument, Plaintiff cites to *Rhines v. Webber*, 544 U.S. 269 (2005).

Plaintiff's motion to stay this action is denied.  In *Rhines*, the Supreme Court held that a federal district court has discretion to stay a mixed habeas petition containing exhausted and unexhausted claims to allow the petitioner to present his unexhausted claims to the state court in the first instance, and then to return to federal court for review of his perfected petition.  *Rhines*, 544 U.S. at 274.  However, *Rhines* applies to stays of habeas petitions, rather than stays of civil rights actions while habeas petitions are pending, such as in this case.

With respect to stays of civil rights actions that would otherwise be barred by *Heck v. Humphrey*, the Supreme Court has instead found that a district court's decision to stay a § 1983 action challenging disciplinary hearing procedures that resulted in a loss of good-time credits, while the prisoner sought restoration of his good-time credits and exhausted state remedies, was error.  *Edwards v. Balisok*, 520 U.S. 641, 649 (1997).  *Balisok* further held that, "absent some other bar to the suit, a claim is either cognizable under § 1983 and should immediately go forward, or is not cognizable and should be dismissed."  *Id.*  Accordingly, a stay pending resolution of Plaintiff's pending habeas petition would be inappropriate.

Based on the foregoing, IT IS HEREBY ORDERED as follows:

1. Plaintiff's motion for a stay pending outcome of his petition for writ of habeas corpus, (ECF No. 27), is DENIED; and
2. The February 29, 2024 findings and recommendations to dismiss this action for failure to state a claim, (ECF No. 22), remain pending before the assigned District Judge.

IT IS SO ORDERED.

Dated:   **April 18, 2024**                          /s/ *Barbara A. McAuliffe*        
                                                                      UNITED STATES MAGISTRATE JUDGE

2