# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT G. SAENZ,<br><br>   Plaintiff,<br><br>   v.<br><br>BRINTON, *et al.*,<br><br>   Defendants. | Case No. 1:23-cv-01303-KES-BAM (PC)<br><br>ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT<br>(ECF No. 31)<br><br>ORDER DIRECTING CLERK OF COURT TO FILE AMENDED COMPLAINT LODGED ON AUGUST 22, 2024 AS SECOND AMENDED COMPLAINT<br>(ECF No. 30)<br><br>ORDER VACATING FEBRUARY 29, 2024 FINDINGS AND RECOMMENDATIONS<br>(ECF No. 22) |

Plaintiff Robert G. Saenz ("Plaintiff") is a state prisoner appearing *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983.

On February 29, 2024, the Court screened the first amended complaint and issued findings and recommendations that this action be dismissed for failure to state a cognizable claim upon which relief may be granted because it is barred by *Heck v. Humphrey*, 512 U.S. 477, 482 (1994). (ECF No. 22.) Plaintiff filed objections to the findings and recommendations on April 2, 2024. (ECF No. 26.)

On August 22, 2024, while the findings and recommendations remained pending before the assigned District Judge, Plaintiff filed a motion to requesting leave to file a second amended

1

1 complaint and lodged a proposed second amended complaint.  (ECF Nos. 30, 31.)  Plaintiff
2 argues that this action is not *Heck*-barred because he is a "lifer," serving an indeterminate life
3 sentence with the possibility of parole, and under California law, the loss of good time credits
4 would not affect his potential release date.[1]  (ECF No. 31, p. 2.)  Plaintiff states that he has cured
5 the deficiencies identified in the Court's screening order and therefore requests leave to file the
6 proposed second amended complaint for screening by the Court.  (ECF No. 31.)

7       "Under California law, the parole board must consider "[a]ll relevant, reliable
8 information" in determining suitability for parole."  *Nettles v. Grounds*, 830 F.3d 922, 935 (9th
9 Cir. 2016) (en banc) (quoting Cal. Code Regs. tit. 15, § 2281(b)).  "A rules violation is merely
10 one of the factors shedding light on whether a prisoner "constitutes a current threat to public
11 safety[.]"  *Id.* (quoting *In re Lawrence*, 44 Cal. 4th 1181, 1191 (Cal. 2008)).  The parole board
12 may deny parole "on the basis of any of the grounds presently available to it."  *Id.* (quoting
13 *Ramirez v. Galaza*, 334 F.3d 850, 859 (9th Cir. 2003)).  Thus, "the presence of a disciplinary
14 infraction does not compel the denial of parole, nor does an absence of an infraction compel the
15 grant of parole."  *Id.*  The Ninth Circuit therefore concluded in *Nettles* that *Heck* did not bar a
16 California inmate serving a life sentence from bringing a § 1983 challenge to a disciplinary
17 hearing that resulted in the loss of good time credits.  *Id.* at 934–36.  As Plaintiff alleges he is
18 serving an indeterminate life sentence, success on the merits of Plaintiff's claims also would not
19 *necessarily* lead to an immediate or speedier release, because it would not necessarily lead to the
20 grant of parole.  *See id.* at 934–35.  As such, based on the information presently before the Court,
21 it appears this lawsuit "threatens no consequence for [Plaintiff's] conviction or the duration of his
22 sentence," and *Heck* does not bar Plaintiff's claims.  *Muhammad v. Close*, 540 U.S. 749, 751
23 (2004).
24 ///

---

[1] The Court may take judicial notice of public information stored on the CDCR California Incarcerated Records and Information Search ("CIRIS") website.  *See In re Yahoo Mail Litig.*, 7 F. Supp. 3d 1016, 1024 (N.D. Cal. 2014) (court may take judicial notice of information on "publicly accessible websites" not subject to reasonable dispute); *Louis v. McCormick & Schmick Restaurant Corp.*, 460 F. Supp. 2d 1153, 1155 n.4 (C.D. Cal. 2006) (court may take judicial notice of state agency records).  A search for Plaintiff on the CIRIS website provides a link to the "Board of Parole Hearings' Indeterminately-Sentenced Nonviolent Offender Parole Overview" and states that Plaintiff's Parole Eligible Date was January, 2019.

The Court therefore finds it appropriate to vacate the pending findings and recommendations and to grant Plaintiff's motion for leave to file a second amended complaint. The second amended complaint will be filed and screened in due course.

Accordingly, IT IS HEREBY ORDERED as follows:

1. Plaintiff's motion requesting leave to file a second amended complaint, (ECF No. 31), is GRANTED;
2. The Clerk of the Court is DIRECTED to file the amended complaint lodged on August 22, 2024, (ECF No. 31), as the second amended complaint;
3. The February 29, 2024 findings and recommendations to dismiss action for failure to state a claim, (ECF No. 22), are VACATED; and
4. Plaintiff's second amended complaint will be screened in due course.

IT IS SO ORDERED.

Dated: **August 26, 2024**              /s/ *Barbara A. McAuliffe*
                                        UNITED STATES MAGISTRATE JUDGE