1
2
3
4
5
6
7
8

# UNITED STATES DISTRICT COURT

9

### EASTERN DISTRICT OF CALIFORNIA

10

11

ROBERT G. SAENZ,

Case No.  1:23-cv-01303-KES-BAM (PC)

12

           Plaintiff,

ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO AMEND
(ECF No. 35)

13

    v.

14

BRINTON, *et al.*,

ORDER DIRECTING CLERK OF COURT TO FILE AMENDED COMPLAINT LODGED ON SEPTEMBER 26, 2025 AS THIRD AMENDED COMPLAINT
(ECF No. 36)

15

           Defendants.

16

17

18

19

       Plaintiff Robert G. Saenz ("Plaintiff") is a state prisoner appearing *pro se* and *in forma*

20

*pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983.

21

       On February 29, 2024, the Court screened the first amended complaint and issued findings

and recommendations that this action be dismissed for failure to state a cognizable claim upon

22

which relief may be granted because it is barred by *Heck v. Humphrey*, 512 U.S. 477, 482 (1994).

23

(ECF No. 22.)  Plaintiff filed objections to the findings and recommendations on April 2, 2024.

24

(ECF No. 26.)

25

       On August 22, 2024, while the findings and recommendations remained pending before

26

the assigned District Judge, Plaintiff filed a motion to requesting leave to file a second amended

27

complaint and lodged a proposed second amended complaint with the court.  (ECF Nos. 30, 31.)

28

1

1    Plaintiff argued that this action was not *Heck*-barred because he is a "lifer," serving an

2    indeterminate life sentence with the possibility of parole, and under California law, the loss of

3    good time credits would not affect his potential release date.  (ECF No. 31, p. 2.)  Plaintiff stated

4    that he had cured the deficiencies identified in the Court's screening order and requested leave to

5    file his proposed second amended complaint for screening by the Court.  (ECF No. 31.)

6        On August 26, 2024, the Court, finding it appropriate, vacated the February 29, 2024

7    findings and recommendations, granted Plaintiff's motion for leave to file a second amended

8    complaint, and directed the Clerk of the Court to file the amended complaint lodged on August

9    22, 2024, as the second amended complaint.  (ECF No. 32.)  Plaintiff's second amended

10   complaint has not yet been screened.

11       On September 16, 2025, Plaintiff filed the instant motion requesting leave to amend his

12   complaint.  (ECF No. 35.)  Plaintiff submits that while waiting for the Court's screening order,

13   living conditions at Mule Creek State Prison have worsened.  According to Plaintiff, in the last

14   six months there has been an increase in violence causing much concern.  Officers have

15   conducted person and cell searches in an effort to quash weapon-making abilities.  Plaintiff

16   contends that the cell searches have been conducted on a large scale, and entire cell blocks or

17   units are completely searched.  Prisoner property "is overlooked, and thrown about, so that a pile

18   of court, ongoing case files are subjected to search and destruction.  Without careful treatment,

19   piles of motions, petitions, workproduct [sic] in state and federal courts are mixed, and cellmates

20   papers are intertwined, a mess to deal with."  (*Id.* at 2.)  Plaintiff asserts that no new theory is

21   advanced in the amended complaint, and the amended complaint will relate back to the date the

22   lawsuit was filed.  Plaintiff contends that if it does not, then the statute of limitations may

23   endanger this action.  Plaintiff contends that the facts and allegations made in the amended

24   complaint are similar to those previously set forth in the original complaint.  (*Id.* at 2-3.)  Plaintiff

25   also asserts that the amendment set forth defendants in accord with the previous complaint, but

26   "changed to clarify and easier to read and understand without the court having to search or

27   match."  (*Id.* at 3.)  Plaintiff additionally contends that the filed amended complaint was lost or

28   destroyed by the searching custodial staff, and he solely requests to amend so that he retains a

2

1    correct copy.  (*Id.*)

2          Under Rule 15(a) of the Federal Rules of Civil Procedure, a party may amend the party's

3    pleading once as a matter of course at any time before a responsive pleading is served.

4    Otherwise, a party may amend only by leave of the court or by written consent of the adverse

5    party, and leave shall be freely given when justice so requires.  Fed. R. Civ. P. 15(a).  "Rule 15(a)

6    is very liberal and leave to amend shall be freely given when justice so requires."

7    *AmerisourceBergen Corp. v. Dialysist West, Inc.*, 465 F.3d 946, 951 (9th Cir. 2006) (citation and

8    quotation omitted).  However, courts "need not grant leave to amend where the amendment: (1)

9    prejudices the opposing party; (2) is sought in bad faith; (3) produces an undue delay in litigation;

10   or (4) is futile."  *Id.*

11          In considering the relevant factors, the Court finds no evidence of prejudice, bad faith,

12   undue delay in litigation, or futility.  Plaintiff's second amended complaint has not yet been

13   screened, and no defendants have been served or have appeared in this action.  Plaintiff's motion

14   to amend shall be granted.  The Court will screen Plaintiff's third amended complaint in due

15   course.

16          Accordingly, IT IS HEREBY ORDERED as follows:

17   1.  Plaintiff's motion for leave to file a third amended complaint, (ECF No. 35), is

18         GRANTED;

19   2.  The Clerk of the Court is DIRECTED to file the amended complaint lodged on September

20         26, 2025, (ECF No. 36), as the third amended complaint; and

21   3.  Plaintiff's third amended complaint will be screened in due course.

22

23   IT IS SO ORDERED.

24   Dated:  __**October 15, 2025**__          ___/s/ *Barbara A. McAuliffe*___
                                              UNITED STATES MAGISTRATE JUDGE
25

26

27

28

                                               3